UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIE MENKING by her attorney-in-fact,
WILLIAM MENKING, on behalf of herself and of all
others similarly situated,

        **Plaintiffs,**

- against -

RICHARD F. DAINES, M.D., in his official capacity as
Commissioner, New York State Department of Health, and
DAVID A. HANSELL, in his official capacity as
Commissioner, New York State Office of Temporary and
Disability Assistance,

        **Defendants.**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-9-11
```

REPORT AND
RECOMMENDATION

09 Civ. 4103 (RJH) (RLE)
(Class Action)

**To the HONORABLE RICHARD J. HOLWELL, U.S.D.J.:**

## I. INTRODUCTION

This case is being brought on behalf of Plaintiff Marie Menking and a proposed class of persons who are either recipients of, or applicants for, the Medicaid Assistance Program. The New York Department of Health has responsibility for administering Medicaid, but the scheduling and holding of fair hearings has been delegated to the Office of Temporary and Disability Assistance (OTDA). N.Y. Soc. Serv. Law § 364(a)(1). The scheduling and holding of fair hearings - as well as final administration action - must occur within ninety days of the request for such a hearing. 42 U.S.C. § 1396a(a)(3); 42 C.F.R. § 431.244(f); 18 N.Y.C.R.R. § 358-604(a). Menking alleges, on behalf of her and proposed class members, that OTDA routinely scheduled and held fair hearings beyond the ninety-day period for almost 12,000 people. Pl.'s Notice of Mot. For Class Certification 4 ("Pl.'s Mot."). She alleges that the procedural deficiencies give rise to a cause of action under 42 U.S.C. § 1983 for violation of the

Due Process Clause of the Fourteenth Amendment to the United States Constitution, as well as the statute governing Medicaid administration and implementing regulations. Compl. ¶¶ 27-30. Menking brings suit on behalf of herself and potentially thousands of other Medicaid applicants or recipients, whose fair hearings were scheduled beyond the ninety-day period and seeks certification of class status. The potential class includes "all current and future New York City applicants for, or recipients of Medicaid who have requested or will request Fair Hearings, for whom Defendants have not rendered and implemented or will not render and implement a Fair Hearing decision within 90 days from the date of the request." Compl. ¶ 21. The Court agrees with Menking and recommends that the motion for class certification be **GRANTED**.

## II. BACKGROUND

As an inpatient at Fort Tryon Center for Rehabilitation and Nursing, Inc. from 2005-2006, Menking sought Medicaid coverage to assist with health care costs associated with her stay. The New York City Human Resources Administration (HRA) notified Menking via a Notice of Acceptance on July 28, 2006, that she was eligible to receive Medicaid community coverage, but was ineligible for long-term care. Def.'s Opp'n to Mot. For Class Certification 4 ("Def.'s Opp'n"). On September 6, 2006, Menking asked for a fair hearing through her former counsel to review the Notice of Acceptance. On August 23, 2007, HRA denied her application for Medicaid. Pl.'s Mot. 3; Compl. ¶¶ 12-14. Menking timely filed a request for a fair hearing on October 3, 2007, to appeal the denial. The Office of Temporary and Disability Assistance sent Menking a Notice of Fair Hearing on January 17, 2008, 106 days after her request, and scheduled her fair hearing for February 7, 2008, 127 days after the request. Pl's. Mot. 3. Menking asked for a number of adjournments and the fair hearing was ultimately concluded on November 7, 2008. *Id.* When Menking filed this action on April 27, 2009, 171 days after the

fair hearing had been held, no final decision regarding her appeal from the fair hearing had been reached. Pl.'s Reply Br. 3. When the present motion was filed, 298 days had elapsed without a decision from the fair hearing. Pl.'s Mot. 3; Pl.'s Reply Br. 3. A decision based on the fair hearing was not rendered until January 19, 2010. Def.'s Opp'n 6.

Menking contends that she is one of thousands of applicants for Medicaid coverage who have not had their fair hearings scheduled, held, and decided within the ninety-day statutory period. She asserts that within the last five years, excluding adjournments requested by the applicant and/or recipient, almost 12,000 applications for fair hearings have been scheduled past the ninety-day limit. Pl.'s Mot. 4.

This case was initially brought as a companion case to *Shakhnes v. Daines*, 740 F. Supp. 2d 602 (S.D.N.Y. 2010), in which both plaintiffs allege procedural deficiencies in the processing of appeals for Medicaid applications by responsible New York agencies. *Shakhnes*, however, concerned a sub-group of putative class members, namely those requesting home health services. *Shakhnes*, 740 F. Supp. 2d at 609-10. *Shakhnes* also dealt with additional claims beyond the ninety-day time line that Menking has not asserted here. *Id.* The court in *Shakhnes* found that the sub-class of plaintiffs met all requirements for class action status and that, as Medicaid recipients and/or applicants, class members in both actions had an enforceable right to procedural due process under 42 U.S.C. § 1983. *Id.* at 620.

### III. DISCUSSION

Class action certification requests are governed by Rule 23 of the Federal Rules of Civil Procedure, which sets forth elements to be satisfied by the class, including the class representative. Fed. R. Civ. P. 23(a)-(b). Similar to the Plaintiff in *Shakhnes*, Menking is

seeking class certification with respect to Defendants' alleged violation of the near 12,000 putative class members' rights to a timely fair hearing. Plaintiffs are willing to exclude from the class those members who have already challenged their fair hearings as part of a sub-class of plaintiffs in *Shakhnes* which include persons seeking home health services.

### A. Proposed Class Satisfies the Prerequisites of Rule 23(a) and Meets the Numerosity, Commonality, Typicality and Adequacy Requirements.

The threshold inquiry a district court must make in the certification of a class is whether the requirements of Rule 23(a) are met: numerosity, commonality, typicality and adequacy. Specifically, certification may be appropriate if

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

1. Numerosity

Numerosity serves the purpose of judicial economy by allowing individuals with complaints grounded in common issues of fact to become part of a class because joinder of parties would be too onerous or impracticable. This circuit has found that numerosity is presumed with at least forty members, *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). Here, the number of class members numbers in the thousands, and Defendants are not challenging numerosity. Pl.'s Mot. 8.

2. Commonality

The commonality requirement under Rule 23(a)(2) refers to claims among members that are "common to the class as a whole." *Califano v. Yamasaki*, 442 U.S. 682, 701 (1979). "The commonality requirement is met if plaintiffs' grievances share a common question of law or of

fact." *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997). Claims must present similar allegations based on the same factual scenario, giving rise to the same injury and the same or similar legal arguments. *See Califano*, 442 U.S. 682, 701; *Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck-Medco Managed Care, L.*, 504 F.3d 229, 245 (2d Cir. 2007) (citing *Robinson v. Metro-N. Commuter R.R. Co.*, 267 F.3d 147, 155 (2d Cir. 2001); *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011) (noting commonality requires that class members suffer the same injury.) For purposes of judicial economy and convenience for all parties, class certification may be granted where "class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Shakhnes*, 740 F. Supp. 2d at 625. In essence, for purposes of certification, "[w]hat matters... is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc.*, 131 S.Ct. at 2551 (emphasis in original) (quoting Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U.L.Rev. 97, 131–32 (2009)).

The putative class members in the instant case share the same or similar factual circumstances surrounding their applications for fair hearings to review decisions by state agencies regarding their Medicaid eligibility. In each of the almost 12,000 cases, plaintiffs requested fair hearings that were scheduled and held beyond the ninety-day period, excluding adjournments. The common issue of law concerning requirements surrounding the provision of fair hearings is applicable to all putative members. As the court did in *Shakhnes*, I find that commonality is met and the motion should be **GRANTED**. *See also Cutler v. Perales*, 128 F.R.D. 39, 44-47 (S.D.N.Y. 1989).

3. Typicality

Separate from commonality, typicality requires that the claims of the class representatives be typical of those of the class, and "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Marisol A.*, 126 F.3d at 376; Fed. R. Civ. P. 23(a)(3). However, the Supreme Court has noted that the elements of commonality and typicality tend to merge. *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n. 13. The individual circumstances of each class member's claim will not defeat class certification if the common question remains whether defendants injury to all members is the result of their failure to abide by statutory and Constitutional protections. *Marisol A.*, 126 F.3d at 377 ("The unique circumstances of each (plaintiff) do not compromise the common question of whether... defendants have injured all class members by failing to meet their federal and state law obligations. Indeed...the actions or inactions of defendants are not isolated or discrete instances but, rather, form a pattern of behavior that commonly affects all of the proposed class members.") This court has found that typicality does not require that the "'factual predicate of each claim be identical to that of all class members'; rather, it 'requires that the disputed issue of law or fact'" be considered equally central in both the named class representative's claim as it is in claims of the class members. *Attenborough v. Const. and General Bldg. Laborers' Local 79*, 238 F.R.D. 82, 94 (S.D.N.Y. 2006) (citing *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 293 (2d Cir. 1999))

Menking asserts that her fair hearing was scheduled beyond the ninety-day requirement, violating due process. The claims of all putative class members are precisely the same as Menking's. The legal questions regarding defendants' violations of 42 U.S.C. § 1983 and their

6

failure to abide by due process requirements apply to all putative members. As the court in *Shakhnes* noted, "all class members would likely rely on the same legal theory as the named plaintiffs - a cause of action for violation of the ninety-day requirement, or perhaps a constitutional due process theory." *Shakhnes*, 740 F. Supp. 2d at 625. Typicality was also found in *Cutler* where Medicaid recipients suffered delays in the scheduling and holding of fair hearings. *Cutler*, 128 F.R.D. at 44-45. The Defendants unlawful conduct was directed at both Plaintiff and the putative class in the same form and fashion, resulting in the same violation of rights. While Defendants don't specifically address typicality explicitly, they cite to *Wal-mart v. Dukes* where the court held that a class representative must "possess the same interest and suffer the same injury as the class members." *Wal-mart v. Dukes*, 131 S.Ct. 2541, 2550 (2011); Def.'s Opp'n 7. Defendants make no effort to explain why Menking's injury is unique or different from the rest of the class, nor do they expound upon the different factual circumstances that could give rise to each member's claim. Because no genuine argument regarding typicality of injury and interest is made, I find that typicality is met.

    4. Adequacy

Lastly, the court must assess whether the class representative will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This is largely interpreted as any interests the class representative may have that are antagonistic to other members of the class. *Baffa v. Donaldson, Lufkin & Jenrettee Secs. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000). The adequacy of class counsel is exclusively addressed as a separate analysis under Rule 23(g) and will not be addressed here. *See Shakhnes*, 740 F. Supp. 2d at 626.

In determining adequacy, courts must consider the credibility of the plaintiff(s) and whether there are any potential conflicts of interest between the proposed plaintiff(s) and class

members. *Id.* at 627; *see also Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 549, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) (noting class interests are dependent upon the class representative's credibility and knowledge); *Epifano v. Boardroom Business Products, Inc.*, 130 F.R.D. 295, 300 (S.D.N.Y. 1990) (highlighting contribution claims against class representatives may create conflicts of interest with the class). The court has also considered whether a proposed class representative has adequate knowledge and involvement in the case sufficient to serve as the class representative, however the representative need not be familiar with expert details of the case, nor is ignorance of the case sufficient cause to dismiss someone from serving as the representative. *Baffa*, 222 F.3d at 61-62; *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 371-72, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966) (allowing a plaintiff portrayed as being generally uneducated and unfamiliar with the underpinnings of the legal principles in the lawsuit to be qualified to serve as the class representative because she knew enough to know her financial interests were at stake.)

Defendants' claim that Menking is an inadequate class representative because she requested adjournments that caused delays for her hearing to ultimately be administered — which differs from the circumstances of other class members who wished for their hearing to take place within ninety days — still circumvents the main point, which is that Defendants initially scheduled Plaintiff's fair hearing 106 days after she requested it. Def.'s Opp'n 11. Any adjournments requested by Plaintiff came after the Defendants' initial violation of the ninety-day period. The fact that Menking requested adjournments does not, as Defendants argue, create a conflict of interest between Menking and putative class members. Defendants' argument that adjournments requested by Menking resulted in unnecessary administrative delays which run contrary to the interests of the class ignore Menking's assertion that the 298 days it took before

her case neared a resolution did not include adjournments. Even assuming, *arguendo*, that Defendants' assertion that such requests for adjournments create scheduling delays for administrative law judges, the initially scheduled fair hearing still purports to violate statutory and regulatory authority, which is the crux of Menking's claim.

**B.     The Putative Class Satisfies the Certification Requirements under Rule 23(b)(2).**

Menking asserts that certification is appropriate under Rule 23(b)(2) because Defendants have acted "on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. Pro. 23(b)(2). Civil rights cases such as this one that allege "systemic administrative failures of government entities are frequently granted class action status under Rule 23(b)(2)." *Shakhnes*, 740 F. Supp. 2d at 628. Menking challenges Defendants' provision of fair hearings generally, and asks this Court to grant injunctive and declaratory relief in order that Defendants abide by the ninety-day requirement for scheduling and holding fair hearings. Such relief is contemplated by Rule 23(b)(2) and Defendants' conduct falls within the scope of the rule as it applies generally to a class of people. *See Finch v. N.Y. State Office of Children & Family Serv.*, 252 F.R.D. 192, 198 (S.D.N.Y. 2008) (certifying class alleging delays in administrative hearings); *Cutler*, 128 F.R.D. at 47 (certifying class of Medicaid home health care recipients challenging delays in fair hearing procedures); *Henrietta D. v. Giuliani*, No. 95 CV 0641 (SJ), 1996 WL 633382 (E.D.N.Y., Oct. 25, 1996) (certifying class members receiving public assistance alleging administrative deficiencies). Defendants' alleged conduct against the class falls within the purview of Rule 23(a)(b) and the motion to certify the class should be **GRANTED**.

### C. Plaintiff Meets the "Case or Controversy" Requirement under Article Iii of the United States Constitution to Bring Her Claim.

Defendants' response to Menking's Motion for Class Certification challenges her standing to bring a claim as a class representative, arguing that adjournments requested by Menking mean she would not have been available to proceed with a hearing had the defendants scheduled it within the ninety-day timeframe. Def.'s Opp'n 10. The Court finds this argument without merit and irrelevant to the essential claim at issue here, which is not adjournments requested by Menking, but the failure of the Defendants to abide by the law in scheduling and holding a fair hearing within ninety-days.

Before Menking requested any adjournments, Defendants scheduled the initial fair hearing 106 days after her request. Adjournments excluded, the total time for her fair hearing to be held and have a finding based on the merits issued was 298 days. At the time this complaint was filed, Menking had waited 171 days without a final determination by defendants regarding her appeal. Defendants attempt to frame all delays of Menking's hearing as insignificant compared to adjournments that were granted based on Plaintiff's request. They wrongly conflate, however, delays Menking is willing to undergo by choice as a result of her own circumstances with unlawful delays based on Defendants' failure to comply by legal obligations. Menking had a right to delay the fair hearing if she chose; Defendants did not.

Defendants' also allege that Menking has not suffered sufficient injury to satisfy Article III standing requirements. Defendants state that Menking has received, and continues to receive, Medicaid-funded care at her nursing home, making her claims for injury meritless. Def.'s Opp'n 11. However, the injury to Menking is not just the outcome of the final determination of her claim on the merits by the State, but rather the unprompted delays in processing her request for a

fair hearing that are violative of due process. Pl.'s Reply in Further Support of Mot. For Class Action Certification 3 ("Pl.'s Reply"). "Unlawful administrative delays lead[s] to cumulative injury; the injury and delay grow in tandem as time passes." *Shakhnes*, 740 F. Supp. 2d at 632. For putative class members who may face delays that extend beyond the scope of ninety days, "the imminent prospect of unlawful delays" demonstrates a causal connection between Defendants' actions and Plaintiff's injuries. *Id.* It is not the delay alone that necessarily causes the constitutional grievance, but rather the excessive delays that cause a deprivation of Medicaid assistance. *See Shakhnes*, 740 F.Supp. 2d at 614-615.

Additionally, a decision by this Court addressing the purported violations by the Defendants would provide redress for all class members' claims, satisfying the standing requirement under the Constitution. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992) ("When...one [is] challenging the legality of government action or inaction...standing depends considerably upon whether the plaintiff is himself an object of the action...at issue. If he is, there is ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it.") Therefore, I find Menking has standing to bring this claim on behalf of herself and all putative class members as the class representative.

Finally, Menking maintains that even though a final decision was ultimately rendered regarding her appeal on August 8, 2011, her claim is not moot because it satisfies the exception that claims that are "capable of repetition but evading review" satisfy Article III of the U.S. Constitution. Pl.'s Reply 4. Such exceptions are applicable only where "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same

11

action again." *Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978. Given Menking's claims of the number of class members affected by Defendants' actions, the exception to the mootness doctrine applies and the motion should be **GRANTED**.

## IV. CONCLUSION

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Richard J. Holwell, 500 Pearl Street, Room 1950, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: December 9, 2011**
**New York, New York**

**Respectfully Submitted,**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

PLAINTIFF
Aytan Yehoshua Bellin
Bellin & Associates LLC
85 Miles Avenue
White Plains, NY 10606
914-358-5345-2400
Email: aytan.bellin@bellinlaw.com


DEFENDANTS
Robert Lewis Kraft
Office of the Attorney General, New York State
120 Broadway
New York, NY 10271
212-416-8632
Fax: 212-416-6075
Email: robert.kraft@oag.state.ny.us