UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
MARIE MENKING by her attorney-in-fact WILLIAM MENKING, on behalf of herself and of all others similarly situated,

                Plaintiffs,

      - against -

RICHARD F. DAINES, M.D., in his official capacity as Commissioner, New York State Department of Health, and DAVID A. HANSELL, in his official capacity as Commissioner, New York State Office of Temporary and Disability Assistance,

                Defendants.
----------------------------------X

MEMORANDUM AND ORDER

09-CV-4103 (LAP)(RLE)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/21/12

LORETTA A. PRESKA, Chief United States District Judge:

    Plaintiff Marie Menking brings this action against the New York State Department of Health ("DOH") and the New York State Office of Temporary and Disability Assistance ("OTDA") (collectively, "Defendants") on behalf of herself and a proposed class of persons who are applicants for, or recipients of, benefits from the Medicaid Assistance Program. In New York, the DOH is responsible for administering the Medicaid program but has delegated the scheduling and holding of fair hearings as well as the issuing of recommended decisions to the OTDA. N.Y. Soc. Serv. Law § 363-a(1); see id. § 364-a(1). The scheduling and holding of fair hearings as well as final administration

action must occur within ninety days following requests for fair hearings.  42 U.S.C. § 1396a(a)(3); 42 C.F.R. § 431.244(f); 18 N.Y.C.R.R. § 358-6.4(a).

Plaintiff alleges, on behalf of herself and proposed class members, that between April 2006 and the filing of her Complaint in April 2009, the OTDA routinely scheduled and held thousands of fair hearings concerning Medicaid benefits beyond the required ninety-day period following fair hearing requests. (Pl.'s Mem. Supp. Mot. Class Certification [dkt. no. 34] at 4.) Plaintiff asserts two causes of action under 42 U.S.C. § 1983 against both defendants jointly for (1) violations of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and (2) violations of the statute governing Medicaid administration and its implementing regulations. (Compl. ¶¶ 27-30.)

On August 2, 2011, Plaintiff moved for certification of class status pursuant to Fed. R. Civ. P. 23(a) and (b)(2) for "[a]ll current and future New York State applicants for, or recipients of Federal Medicaid who have requested or will request fair hearings for whom [D]efendants fail to render a fair hearing decision within ninety days from the date of the request . . . ." (Mot. for Class Certification [dkt. no. 31].) On December 9, 2011, Magistrate Judge Ronald L. Ellis issued a Report and Recommendation ("R&R") recommending that Plaintiff's

2

motion for class certification be granted.  (R&R [dkt. no. 63].)  Specifically, Judge Ellis found that (1) the proposed class meets the prerequisites of numerosity, commonality, typicality and adequacy for class certification as required by Rule 23(a); and (2) Plaintiff has Article III standing to bring a claim as a class representative.  (See id.)

For the reasons that follow, the Court adopts the R&R's findings but modifies it to include a statewide definition for the certified class as set forth in Plaintiff's motion for class certification.  Plaintiff's motion for class certification is GRANTED, and a class is certified pursuant to Fed. R. Civ. P. 23(b)(2).

I.  STANDARD OF REVIEW

When reviewing a magistrate judge's Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The Court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings.  Id.; see United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).  When a party makes conclusory or general objections, or simply reiterates the original arguments, the Court will review the report only for clear error.  See, e.g., Frankel v. City of New York, Nos. 06 Civ. 5450 & 07 Civ. 3436(LTS)(DFE), 2009 WL

465645, at *2 (S.D.N.Y. Feb. 25, 2009).  Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review . . . ."  Vega v. Artuz, No. 97Civ.3775LTSJCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002).

II.  DISCUSSION

The Court presumes familiarity with the factual and procedural background of this case.[1]  Plaintiff was an inpatient at Fort Tryon Center for Rehabilitation and Nursing, Inc. ("Fort Tryon") from fall 2005 through late spring 2006.  After Plaintiff's application for Medicaid coverage of nursing home

---

[1] As Judge Ellis noted on page 3 of the R&R, the present action was brought as a companion case to another class action, Shakhnes ex rel. Shahknes v. Eggleston, No. 06 Civ. 4778.  Like plaintiff in the present action, plaintiffs in Shakhnes alleged procedural deficiencies in the processing of appeals of Medicaid applications by New York agency defendants responsible for Medicaid administration.  Shakhnes, however, involved claims in addition to the ninety-day violation claims at issue in the present action and concerned a certified class of individuals who make up a subset of Medicaid recipients, namely those requesting home health services but not challenging decisions related to their financial eligibility for Medicaid.  In contrast, plaintiff in the present action seeks to represent a class consisting of all Medicaid applicants and recipients, for home health services or otherwise, who have not received a fair hearing decision within ninety days of a fair hearing request.  Shakhnes ex rel. Shakhnes v. Eggleston, 740 F. Supp. 2d 602, 609-10 (S.D.N.Y. 2010), aff'd in part, vacated and remanded on other grounds 689 F.3d 244 (2d Cir. 2012).  Plaintiff excludes Shakhnes class plaintiffs from the proposed class in the present action.  (Mot. for Class Certification at 1.)

costs incurred during her stay at Fort Tryon was denied on August 23, 2007, Plaintiff filed a timely request on October 3, 2007, for a fair hearing to appeal the denial.  The OTDA did not send Plaintiff a Notice of Fair Hearing until 106 days after the request and scheduled her fair hearing for February 7, 2008, 127 days after the request.  Due to a number of adjournments requested by Plaintiff, the fair hearing concluded on November 7, 2008, nine months later than its scheduled date.  (R&R at 2-3.)  Defendants do not dispute that as of April 27, 2009, the date on which Plaintiff filed her complaint, even after excluding all adjournments, Plaintiff had waited 298 days for a determination on her fair hearing request but not received one.  (Pl.'s Reply Mem. Supp. Mot. for Class Certification [dkt. no. 41] at 3.)  The aforementioned delays in scheduling and holding a fair hearing of Plaintiff's Medicaid appeal, let alone in rendering a decision after the fair hearing, violate the ninety-day limit mandated by 42 U.S.C. § 1396a(a)(3), 42 C.F.R. § 431.244(f), and New York's State Medicaid Manual § 2902.10.

    A.   <u>Defendant's Objections to R&R</u>

        1.   <u>Plaintiff Menking's Article III Standing to Bring Claims as Class Representative</u>

In their opposition to the R&R, Defendants renew an argument raised in the opposition to Plaintiff's motion for class certification: Plaintiff Menking is not an adequate class

5

representative because she has not shown any injury-in-fact, a requisite element of Article III standing to sue.  (See Defs.' Objections to R&R [dkt. no. 64] at 4-8; Defs.' Mem. in Opp'n to Mot. for Class Certification [dkt. no. 36] at 10-12).  The Court, after undertaking a de novo review, adopts the R&R's finding that Menking has suffered sufficient injury to satisfy Article III standing requirements for the reasons set forth below.

Article III of the U.S. Constitution limits the jurisdiction of the federal courts to actual cases and controversies.  Allen v. Wright, 468 U.S. 737, 750 (1984).  The threshold issue of whether a potential plaintiff has standing to sue is "an essential and unchanging part of the case-or-controversy requirement of Article III."  Horne v. Flores, 557 U.S. 433, 445 (2009) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).  "To establish standing, a plaintiff must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and redressable by a favorable ruling."  Horne, 557 U.S. at 445 (citing Lujan, 504 U.S. at 560-61); accord Lujan, 504 U.S. at 560-61 (party invoking federal jurisdiction bears the burden of establishing the following three elements of standing: (1) an "injury in fact"; (2) causal connection between the injury and the challenged conduct; and

(3) likelihood that the injury will be redressed by a favorable decision).

To acquire standing, a named plaintiff who represents a class must make a showing of personal injury in fact; a showing of injury suffered by other unidentified members of the represented class, without more, is insufficient to establish standing for a named plaintiff as class representative. Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 40 n.20 (1976) ("[E]ven named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" (quoting Warth v. Seldin, 422 U.S. 490, 502 (1975))).

Defendants argue that although no decision after the fairness hearing had been issued by the date the complaint was filed, Plaintiff lacks standing because she had suffered no injury from a lack of medical care prior to the date of filing, since it is not in dispute that Plaintiff received nursing home care during her stay at Fort Tryon and services in the community paid for by Medicaid after she left Forth Tryon. (Defs.' Mem. in Opp'n to Mot. for Class Certification at 6.)  In essence, Defendants' contention is that (1) Plaintiff must show a denial of medical care prior to the filing of her complaint to establish the requisite "injury in fact" element of Article III

7

standing; and (2) any attempts by Fort Tryon to collect payments for nursing home care do not constitute injury to Plaintiff, who is "judgment proof" by virtue of her financial eligibility for Medicaid.[2]  (See id.)

Contrary to Defendants' contention, excessive administrative delays that cause a deprivation of Medicaid benefits—like payments to nursing home care providers—constitute injury in and of themselves, even if Plaintiff Menking never suffered any denial of medical care prior to filing her complaint.  "Unlawful administrative delays constitute an injury that . . . the plaintiffs were likely to suffer during the fair hearing resolution process.  Nothing more is needed for purposes of the Constitutional standing requirement."  Shakhnes ex rel. Shakhnes v. Eggleston, 740 F. Supp. 2d 602, 632 (S.D.N.Y. 2010),

---

[2] Defendants cite no authority in support of this contention, and nothing in the record suggests plaintiff is judgment proof.  The Court takes judicial notice of Fort Tryon Ctr. for Rehab. & Nursing, Inc. v. Menking (No. 115884/2006), a New York County Supreme Court collection lawsuit filed by Fort Tryon against Menking in 2006, alleging nonpayment for nursing home care services spanning the period from on or about September 14, 2005, through June 14, 2006, the same period for which plaintiff sought Medicaid coverage through the fair hearing at issue in the present action.  (See Pl.'s Objection to R&R [dkt. no. 65] at 4 & Ex. A.)  Based on a search in the New York State Unified Court System's online WebCivil Supreme case database, the aforementioned collection suit in state court appears to have terminated in April 2012 following a stipulation of settlement.  See WebCivil Supreme, New York State Unified Court System, http://iapps.courts.state.ny.us/webcivil/FCASMain (last visited Aug. 24, 2012).

aff'd in part, vacated and remanded on other grounds 689 F.3d 244 (2d Cir. 2012).

Defendants argue that unlike Menking, the Shakhnes plaintiffs acquired standing by virtue of having suffered injuries caused by delayed medical care as a result of delayed fair hearings and that the unlawful administrative delays they suffered were not essential to their standing. (See Defs.' Objections to R&R at 6-7.) This argument is without merit. While in Shakhnes this Court did note various physically tangible injuries suffered by the named Shakhnes plaintiffs as a result of delayed medical care caused by delayed fair hearings, see Shakhnes, 740 F. Supp. 2d at 634, n.13, it was in the clear context that unlawful administrative delays in excess of the ninety-day limit "constitute harm in and of themselves," id. at 634. The Shakhnes Court found, in relevant part:

> [I]t is uncontested that named plaintiffs . . . all waited in excess of 90 days for the State to even schedule their fair hearings. These delays constitute harm in and of themselves. The decision of how to provide for one's health is of enormous importance, but for Medicaid applicants it must be put on hold pending a determination from the State as to what services will be provided. As the applicant awaits that decision they [sic] may face medical choices that reach into all aspects of their [sic] lives—whether to move in with family, or out of State, or to sell a home, or simply whether to purchase pain-easing treatment. All of those questions hinge on the services ultimately provided by the State. An unlawful delay in the determination of those services surely harms applicants.[13]
> . . .

9

> 13. Even if the named plaintiffs were required to show additional harm, they have done so. (See Declaration of Alla Shakhnes, dated June 15, 2006) (describing Mr. Shakhnes' medical problems, including severe bedsores); Declaration of Mikhail Feldman, dated June 15, 2006 (describing that Mr. Feldman had to delay two surgeries because he did not have the necessary home care in place to ensure safe recovery in his home); Declaration of Fei Mock, dated June 15, 2006 (describing Ms. Mock's medical problems, including severe pain and bedsores; Declaration of Jane Greengold Stevens, dated Dec. 10, 2009, Second Declaration of Chiao Zhang, dated Dec. 9, 2009 (describing that Ms. Zhang could not properly eat or perform many basic household tasks during the time she went without needed services)).

Id. at 634 & n.13 (footnote 12 omitted)(citations omitted)(emphasis added).

In a similar vein, Defendants attempt to distinguish Menking from the named plaintiffs in Mayer v. Wing, 922 F. Supp. 902 (S.D.N.Y. 1996), in which the Court found that the "imminent prospect" of a reduction in home care services satisfied the "injury in fact" requirement of Article III standing for Medicaid recipient plaintiffs. Id. at 906. Defendants argue that in Mayer, the fact that at least three named plaintiffs suffered a temporary reduction in home care services prior to the filing of the complaint was essential to the Court's finding that the "injury in fact" requirement of Article III standing was met. (See Defs.' Objections to R&R at 7.) On the contrary, "[t]he relevant date for measuring whether a plaintiff has standing is the date on which the suit commenced." Mayer, 922

F. Supp. at 906 (citing U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980)).  As for the fact that none of the Medicaid recipient plaintiffs was experiencing a reduction of home care services on the date the complaint was filed, the Mayer Court found it "is of no moment" to the question of standing; the "imminent prospect" of a reduction in home care services faced by one named plaintiff was sufficient injury in fact and gave that plaintiff standing to bring a class action.  Mayer, 922 F. Supp. at 906-07 (citation omitted); accord Shakhnes, 740 F. Supp. 2d at 632 (citing Mayer, 922 F. Supp. at 906).  Consistent with the Court's holding in Mayer and contrary to Defendants' contention, whether Plaintiff Menking had suffered a denial of medical care by the date of her complaint has no bearing on whether she has standing to bring a claim as a class representative.

Having reviewed the objected-to portions of the R&R de novo, the Court affirms and adopts the R&R's finding that the unlawful administrative delay in scheduling and holding a fair hearing past the required ninety-day period constitutes sufficient "injury in fact" and gives Plaintiff Menking standing to bring claims as a class representative.  See Shakhnes, 740 F. Supp. 2d at 632.

2.  <u>Plaintiff's Adequacy as Class Representative for All Members of Proposed Class</u>

Defendants' second objection to the R&R is in essence a challenge to Menking's ability to "fairly and adequately protect the interests of the class," one of the four prerequisites for class certification under Rule 23(a).  Fed R. Civ. P. 23(a)(4).  (<u>See</u> Defs.' Objections to R&R at 8-9; R&R at 7-8.)  Defendants argue that the proposed class consists of two groups of members with conflicting interests: (1) individuals who requested benefit from prompt hearings because they cannot get desired Medicaid benefits until Decisions after fair hearing are rendered; and (2) individuals who allegedly do not benefit from speedy hearings because they have been granted continuations of preexisting Medicaid benefits pending the outcomes of Decisions after fair hearing.  According to Defendants, the proposed class, if certified, should be narrowed to include only individuals from the first group, of which Plaintiff is a member.  (<u>See</u> Defs.' Objections to R&R at 8-9.)  The Court, after undertaking a <u>de novo</u> review, adopts the R&R's finding that Plaintiff is an adequate class representative for all members of the proposed class as required by Rule 23(a)(4).

On motion for class certification, the threshold inquiry for the Court is whether the prerequisites of Rule 23(a) have been satisfied.  <u>Shakhnes</u>, 740 F. Supp. 2d at 623 (quoting <u>Gen.</u>

Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982)).  The Rule 23(a)(4) test for adequacy, one of the four prerequisites under Rule 23(a), calls for a determination of whether the proposed class representative has conflicts of interest with other members of the class.  Shakhnes, 740 F. Supp. 2d at 626-27; see also Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp., 222 F.3d 52, 60 (2d Cir. 2000) (Rule 23(a)(4) test for adequacy of representation entails inquiry into whether "plaintiff's interests are antagonistic to the interest of other members of the class").

It is not clear to the Court, and Defendants offer no analysis or authority in support of, how the prompt scheduling and execution of requested fair hearings would be antagonistic to the interests of those proposed class members who have been granted continuations of preexisting Medicaid benefits pending the outcomes of requested fair hearings.  Individuals who request fair hearings to appeal Medicaid decisions presumably do so in the hope of obtaining Decisions after fair hearing in their favor as soon as possible.  Like the class certified in Shakhnes, Menking and the proposed class members "do not have any identifiable antagonistic interests, since all would benefit from improved procedures for rendering decisions after fair hearings." 740 F. Supp. 2d at 627.  Menking and all members of the proposed class alike, whether enjoying a continuation of

13

Medicaid benefits or awaiting desired Medicaid benefits pending outcomes of requested fair hearings, "are people who depend on state social services for the basic needs of their lives; they have an identity of interest in the way those services are managed and distributed." Id.

Having reviewed the objected-to portion of the R&R de novo, the Court affirms and adopts the R&R's finding that there is no potential conflict of interest between Menking and any subgroup of proposed class members, and that Menking meets the Rule 23(a)(4) requirement of adequacy as representative for the entire proposed class.

B. Plaintiff's Objections to R&R:  Scope of Certified Class of Medicaid Applicants and Recipients Should Be Statewide

Plaintiff asserts that the scope of the certified class of New York Medicaid applicants and recipients should be statewide and not limited to citywide. (See Pl.'s Objection to R&R [dkt. no. 65] at 2-4.)  After reviewing the record de novo, the Court agrees with Plaintiff that the statewide class definition as proposed in Plaintiff's motion for class certification is proper.

In her motion for class certification, Plaintiff seeks to certify a class defined as "[a]ll current and future New York State applicants for or recipients of Federal Medicaid who have

14

requested or will request fair hearings for whom Defendants fail to render a fair hearing decision within ninety days from the date of the request, excluding adjournments requested by the appellant.  The class will exclude members of the <u>Shakhnes</u> and <u>Varshavsky</u> classes."  (Mot. for Class Certification at 1 (emphasis added); <u>see also</u> Pl.'s Mem. Supp. Mot. Class Certification [dkt. no. 34] at 1.)  However, the only reference to the scope of the proposed class in the R&R is in its Introduction section, defining the proposed class as "all current and future <u>New York City</u> applicants for, or recipients of Medicaid . . . ."  (R&R at 2 (citing Compl. ¶ 21) (emphasis added).)

Plaintiff initially sought certification of a citywide class in the Complaint.  (<u>See</u> Compl. ¶ 21.)  Based on evidence obtained in discovery, however, Plaintiff concluded that a new and expanded statewide definition for the proposed class would be proper.  (Pl.'s Reply Mem. Supp. Mot. for Class Certification [dkt. no. 41] at 7.)  Defendants are aware of the expansion in scope of the proposed class but do not raise any legal or factual objections to the statewide definition in their opposition to Plaintiff's motion for class certification.  (<u>See</u> Defs.' Mem. in Opp'n to Mot. for Class Certification [dkt. no. 36] at 3, n.3.)  Nothing in the legal and factual analysis of the proposed class's satisfaction of the four Rule 23(a)

15

requirements for certification, as set forth in the R&R and not disputed by Defendants, suggests that a statewide class definition would be improper.  As Magistrate Judge Ellis recognized on page 4 of the R&R, between 2006 and 2010 Defendants allegedly issued around 12,000 fair hearing decisions statewide past the required ninety-day period following the filing of fair hearing requests.  (<u>See</u> Pl.'s Mem. Supp. Mot. Class Certification at 4 (citing Am. Supplemental Objections and Resps. to Pl.'s Second Req. for Prod. of Docs. [dkt. no. 32, Ex. D])).  Indeed, the R&R went on to find the fact that proposed class members number in the thousands, a statewide statistic, satisfies the numerosity requirement for class certification under Rule 23(a) and that Defendants are not challenging numerosity.  (R&R at 4.)  Moreover, the R&R's analysis concerning Rule 23(a)'s requirements of commonality, typicality, and adequacy suggests that a statewide class definition would be appropriate.  (<u>See</u> R&R at 4-9.)

Having reviewed the objected-to portion of the R&R <u>de novo</u>, the Court agrees with Plaintiff that the statewide class definition as proposed in Plaintiff's motion for class certification is proper.

III. CONCLUSION

For the reasons set forth above and in the R&R, the Court adopts the conclusions of the R&R, with the modification of applying a statewide definition to the certified class as set forth in Plaintiff's motion for class certification. Plaintiff's motion for class certification [30] [31] is GRANTED, and the proposed class is certified pursuant to Fed. R. Civ. P. 23(b)(2).

SO ORDERED.

Dated: New York, New York
       September 21, 2012

_____
LORETTA A. PRESKA
Chief U.S. District Judge